IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON H., | Case No. 6:24-cv-00171-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

On January 3, 2025, Plaintiff Jason H. ("Plaintiff") filed a stipulated motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

"The EAJA establishes specific requirements for fee applications[.]" *Holmes v. Kijakazi*, No. 3:22-cv-01521-SI, 2023 WL 7112856, at *1 (D. Or. Oct. 27, 2023). EAJA fee applications, for example, must "be submitted within [thirty] days of final judgment, . . . include a statement of financial eligibility of the plaintiff, . . . include an itemization of attorney time and the requested hourly rate, and . . . include an 'allegation' that the government's position was not substantially justified." *Id.* (first citing 28 U.S.C. § 2412(d); and then citing *Scarborough v. Principi*, 541 U.S. 401, 408 (2004)).

PAGE 1 – OPINION AND ORDER

The Court entered judgment in this case on October 8, 2024. (ECF No. 16.) "[J]udgment is considered final for purposes of EAJA applications in social security cases when the [sixty]-day time to file an appeal has expired[.]" *Holmes*, 2023 WL 7112856, at *1 (citing *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607, 612 (9th Cir. 2007)). For EAJA purposes, then, judgment is considered final on Monday, December 9, 2024. *See id.* (reflecting that the district court entered judgment on July 28, 2023, and thus considered judgment final for EAJA purposes on September 26, 2023). Plaintiff timely filed his EAJA application within thirty days of final judgment and included a statement of financial eligibility. (ECF Nos. 18 at 3, 18-1 at 1-2.)

However, Plaintiff did not file an itemization of attorney time and the requested hourly rate, or allege that the Commissioner's position was not substantially justified. "As discussed by the Supreme Court, these are required under EAJA but can be cured with an amended petition." *Holmes*, 2023 WL 7112856, at *1 (citing *Scarborough*, 541 U.S. at 418-19).

The Court recognizes that the Commissioner's fee stipulation "support[s] an inference that the government's position was not substantially justified," *id.*, but Plaintiff's application only addresses this issue by stating that Plaintiff's EAJA award "shall not be . . . construed as a concession by the Commissioner that the original administrative decision denying benefits to Plaintiff was not substantially justified." (ECF No. 18 at 2.) Courts have stated that they "will not infer matters that are mandated under [the EAJA] to be expressly included in the fee petition." *Holmes*, 2023 WL 7112856, at *1 (citing 28 U.S.C. § 2412(d)(1)).

The Court also notes that "[f]ee awards under the EAJA are paid to the litigant . . . and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award." *Id.* (citing *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010)). This is notable because Plaintiff states that if his EAJA fee award is not subject to an offset under the Department of

PAGE 2 – OPINION AND ORDER

Treasury's Offset Program, his fees should be paid directly to his attorney (ECF No. 18-2 at 1), and because the record does not include any evidence reflecting that Plaintiff assigned his right to receive the fee award to his counsel. *Cf. Holmes*, 2023 WL 7112856, at *2 ("Plaintiff requests that fees be paid directly to his attorney if the requested fees are not subject to any offset allowed under the Department of Treasury's Offset Program. . . . [F]or the Court to order that the requested fee award be made payable to Plaintiff's attorney, Plaintiff must file with the Court *evidence* of such an assignment, such as a copy of the assignment of fees or a declaration from Plaintiff or Plaintiff's counsel attesting to the fact that Plaintiff has executed an assignment of EAJA fees to Plaintiff's counsel.").

For all of these reasons, the Court DENIES Plaintiff's stipulated application for EAJA fees (ECF No. 18), without prejudice and with leave to file an amended application that cures the deficiencies identified herein.

**IT IS SO ORDERED.**

DATED this 6th day of January, 2025.

*[signature]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 3 – OPINION AND ORDER