IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON H.,[1]

               Plaintiff,

      v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

               Defendant.

Case No. 6:24-cv-00171-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Before the Court is Jason H.'s ("Plaintiff") motion for attorney's fees pursuant to 42

U.S.C. § 406(b).[2] For the reasons explained below, the Court grants Plaintiff's motion for

attorney's fees.

///

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] The Court refers at times to Plaintiff but notes that in this context, Plaintiff's attorney is the real party in interest. *See Lane v. Saul,* 831 F. App'x 845, 846 (9th Cir. 2020) (noting that the claimant's "attorney and real party in interest" appealed the district court's order for fees under Section 406(b)).

PAGE 1 – OPINION AND ORDER

## BACKGROUND

On January 26, 2024, Plaintiff filed this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits under Title II of the Social Security Act. (ECF No. 1.) On October 3, 2024, after Plaintiff filed an opening brief on the merits of this appeal, the Commissioner filed a stipulated motion to remand. (ECF No. 14.) On October 8, 2024, the Court granted the Commissioner's stipulated motion and entered judgment remanding Plaintiff's case for further administrative proceedings. (ECF Nos. 15-16.)

On January 27, 2025, the Court granted Plaintiff's amended unopposed application for $7,000.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF Nos. 20-21.) On June 30, 2026, after Plaintiff prevailed on remand, Plaintiff's attorney filed his pending motion for an award of $32,292.50 in attorney's fees under Section 406(b) fees. (ECF No. 22.)

## LEGAL STANDARDS

### I.      STATUTORY MAXIMUM

"For judicial proceedings, [Section] 406(b)(1) provides that a federal court that 'renders a judgment favorable to a claimant . . . who was represented before the court by an attorney' may grant the attorney 'a reasonable fee for [that] representation[.]'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting 42 U.S.C. § 406(b)(1)(A)). If a district court grants a fee request under Section 406(b), the "award is paid directly out of the claimant's benefits" and must "not [be] in excess of [twenty-five] percent of the total of the past-due benefits to which the claimant is entitled by reason of [the] judgment.'" *Id.* (quoting 42 U.S.C. § 406(b)(1)(A)).

///

PAGE 2 – OPINION AND ORDER

Notably, "[b]ecause attorneys who accepted an award under [the EAJA] in excess of the [Section] 406(b)(1) cap could be subject to criminal sanctions under [Section] 406(b)(2), Congress amended the EAJA . . . to add a savings provision that allows attorneys to receive fees under both [Section] 406(b) and [the EAJA]."[3] *Id.* at 1218. The provision seeks to "maximize the award of past-due benefits to claimants and . . . avoid giving double compensation to attorneys, [and thus] requires a lawyer to offset any fees received under [Section] 406(b) with any award that the attorney receives under [the EAJA] if the two were for the 'same work.'" *Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)). Although the savings provision provides that "the claimant's attorney [must refund] to the claimant the amount of the smaller fee," *id.* (simplified), a district court may offset or deduct EAJA fee awards from the Section 406(b) award.

Indeed, in *Parrish*, the Ninth Circuit assessed whether the claimant's attorney "'receive[d] fees for the same work' under the EAJA and SSA for the two appeals he undertook for [the claimant]." *Id.* at 1217. During the first appeal, the district court remanded the case for further proceedings and awarded the attorney "$5,000 in attorneys' fees pursuant to the EAJA." *Id.* at 1218-19. After an unfavorable agency decision on remand, the same attorney represented the claimant during a second appeal. *Id.* at 1219. After remanding the case for an award of benefits, the district court awarded the attorney "an additional $6,575 [in EAJA fees], bringing the total award to $11,575 in EAJA fees." *Id.* The attorney later sought "$9,059.89 in [Section 406(b)] fees, equating to the statutory maximum of [twenty-five] percent of the past-due benefit

---

[3] Unlike Section 406(b) fees, which a claimant pays directly out of his benefits, the "EAJA requires the government to pay the fees and expenses of a 'prevailing party' unless the government's position was 'substantially justified.'" *Parrish*, 698 F.3d at 1218 (quoting 28 U.S.C. § 2412(d)(1)(A)). Courts award EAJA fees at "intermediate stage[s] in a Social Security case[.]" *Id.*

award[.]" *Id.* The attorney "conceded that the savings provision required the [district] court to deduct the second EAJA award of $6,575 from his [Section] 406(b) fees and thus sought payment of only $2,484.89." *Id.* The district court disagreed and "held that the savings provision required it to deduct the first EAJA award of $5,000, as well as the second award of $6,575, from the Section 406(b) fees." *Id.* Given that the combined "EAJA award of $11,575 was greater than the Section 406(b) award of $9,059.89, the [district] court declined to make any further award to [the attorney]." *Id.*

On appeal, the attorney argued that the district court erred in "deducting" his first EAJA fee award from his Section 406(b) award of twenty-five percent of the claimant's past-due benefits because his first EAJA and [Section] 406(b) awards were not for the "same work." *Id.* The Ninth Circuit disagreed and explained that under Section 406(b)'s "plain language, a federal court may consider an attorney's representation of the client throughout the case in determining whether a fee award is reasonable," and to hold otherwise would mean that "a claimant could end up paying more than [twenty-five] percent of past-due benefits in federal court attorneys' fees, a result that would thwart the . . . intent of Congress to prevent attorneys '[c]ollecting or even demanding from the client anything more than the authorized allocation [i.e., twenty-five percent] of past-due benefits[.]'" *Id.* at 1220 (quoting *Gisbrecht*, 535 U.S. at 795). The Ninth Circuit thus held that the district court did not err in offsetting the EAJA awards against the Section 406(b) award:

> We therefore hold that if a court awards attorney fees under [the EAJA] for the representation of a Social Security claimant on an action for past-due benefits, and also awards attorney fees under [Section] 406(b)(1) for representation of the same claimant in connection with the same claim, the claimant's attorney "receives fees for the same work" under both [the EAJA] and [Section] 406(b)(1) for purposes of the EAJA savings provision. The district court is well positioned to implement [Section] 406(b)'s requirements. Where the same attorney represented a claimant at each stage of judicial review, *the court need*

PAGE 4 – OPINION AND ORDER

*merely offset all EAJA awards against the [Section] 406(b) award.* But even in circumstances where a claimant has more than one attorney at different appeals, district courts would have ample discretion to apportion fees equitably under [Section] 406(b)(1), and apply the offset as appropriate to those attorneys who received both [Section] 406(b)(1) and EAJA awards.

> . . . .

> We now apply these principles here. [The attorney] represented [the claimant] in all proceedings before the district court in connection with her claim, and the district court awarded [the attorney twenty-five] percent of [the claimant's] past-due benefits award as a reasonable fee for that representation. [The attorney] received the $5,000 award under [the EAJA] for his representation of [the claimant] on her first appeal. Accordingly, the $5,000 award under EAJA was for the "same work" as the work for which [the attorney] received the [Section] 406(b)(1) award, and therefore *the district court correctly offset the $5,000 from the [twenty-five] percent award*.

*Id.* at 1221 (emphasis added).

## II.    REASONABLENESS TEST

Section 406(b) provides that "the fee must not exceed [twenty-five percent] of the past-due benefits awarded," but it "does not specify how courts should determine whether a requested fee is reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 800). Addressing this issue, the Supreme Court "held that a district court charged with determining a reasonable fee award under [Section] 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 793, 808). The Supreme Court "noted that courts that had followed this model had 'appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Consistent with this approach, "[a] fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large

PAGE 5 – OPINION AND ORDER

in comparison to the amount of time counsel spent on the case.'" *Id.* (quoting *Gisbrecht*, 535 U.S. 808).

If the district court determines that the fee request is unreasonable and subject to reduction, "it must provide 'a concise but clear explanation of its reasons for the fee award.'" *Id.* at 1152 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016). Importantly, "where the district court awards a substantially reduced fee, it must 'articulate[] its reasoning with more specificity[.]'" *Crawford*, 586 F.3d at 1152 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)); *see also Moreno*, 534 F.3d at 1112 ("[T]he district court can impose a small reduction, no greater than [ten] percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation."); *Davis v. Colvin*, No. 3:09-cv-00649-AC, 2015 WL 268950, at *4 (D. Or. Jan. 20, 2015) ("[T]he court will exercise its discretion and apply a ten percent 'haircut' to [the Section 406(b)] fees.").

## DISCUSSION

Plaintiff's attorney seeks $32,292.50 in Section 406(b) fees and "bears the burden of establishing that the fee sought is reasonable." *Crawford*, 586 F.3d at 1148 (citing *Gisbrecht*, 535 U.S. at 807). As explained below, Plaintiff's attorney has established that the fee sought is reasonable.

In accordance with *Gisbrecht* and *Crawford*, the Court begins its Section 406(b) fee determination by looking first to the contingent-fee agreement. "Contingent-fee . . . agreements providing for fees of [twenty-five percent] of past-due benefits have . . . become the 'most common fee arrangement between attorneys and Social Security claimants.'" *Crawford*, 586 F.3d at 1147-48 (quoting *Gisbrecht*, 535 U.S. at 800). Consistent with this common practice in Social Security cases, Plaintiff's contingent-fee agreement specifies that attorney's fees cannot exceed

PAGE 6 – OPINION AND ORDER

twenty-five percent of any past-due benefits award. (ECF No. 22-2 at 1.) The Social Security Administration's ("SSA") correspondence demonstrates that it withheld twenty-five percent ($32,292.50) of Plaintiff's award of past-due benefits. (*See* ECF No. 22-1 at 1, "We are withholding the amount of $32,292.50 which represents the balance of [twenty-five] percent of the past-due benefits for [the claimant, in anticipation of direct payment of an authorized attorney's fee."). Thus, it is evident that the requested Section 406(b) fee is within the statutory maximum.

Having looked first to the contingent-fee agreement, the Court must now "test[] it for reasonableness." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). As the Ninth Circuit has explained, "[a]lthough *Gisbrecht* did not provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed, the [Supreme] Court directed the lower courts to consider 'the character of the representation and the results the representative achieved.'" *Id.* at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). As a result, a "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808).

A court should also "look at the complexity and risk involved in the specific case at issue to determine how much risk the [attorney] assumed in taking the case." *Id.* at 1153. In *Crawford*, for example, the Ninth Circuit held that the requested fees were reasonable and noted that the "attorneys assumed significant risk in accepting the[] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Id.* With respect to complexity, the Ninth Circuit has stated that "the term 'routine' is a bit of a misnomer [in the] social security disability [context because the cases] are often highly fact-

intensive and require careful review of the administrative record, including complex medical evidence." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012) (per curiam).

Considering the factors described above, the Court finds that the fees requested are reasonable and no downward adjustment is necessary. Plaintiff's attorney achieved an excellent result (a reversal and remand for further proceedings at which Plaintiff later prevailed). *See Wallace v. Kijakazi*, No. 3:20-cv-01189-SI, 2023 WL 3605603, at *2 (D. Or. Apr. 5, 2023) (finding that "a stipulated remand for further proceedings" was a "good result[]"). Plaintiff's attorney neither requested nor received any extensions of time. The Court therefore finds that Plaintiff's attorney's representation was professional and that there was no meaningful delay attributable to him.

Furthermore, the fees requested ($32,292.50) would not result in a windfall to Plaintiff's attorney, who (1) assumed the risk of long delays and that the SSA would not award benefits to Plaintiff, and (2) spent 29.9 hours on this appeal (ECF No. 22-3 at 3), which produces an effective hourly rate of $1,080.02 (i.e., $32,292.50 divided by 29.9 hours). *See Wascovich v. Comm'r of Soc. Sec.*, No. 2:20-cv-01862, 2023 WL 1931020, at *2-3 (E.D. Cal. Feb. 10, 2023) (considering the hours counsel spent on both appeals in calculating the effective hourly rate, stating that even if the court was limited to the hours from one appeal, the effectively hourly rate of $1,008.00 would still not result in a windfall given *Crawford*'s guidance, and noting that courts have approved effective hourly rates in excess of $1,400.00); *see also Wallace*, 2023 WL 3605603, at *2 (noting that "effective hourly rates exceeding $1,000 have been approved in this district").

///

PAGE 8 – OPINION AND ORDER

In conclusion, the Court finds that the fees requested are reasonable and grants Plaintiff's motion.

**CONCLUSION**

For the reasons stated, the Court GRANTS Plaintiff's motion for attorney's fees under Section 406(b) (ECF No. 22), and awards Plaintiff's attorney Section 406(b) fees in the gross amount of $32,292.50. Plaintiff's attorney must offset or deduct his EAJA fee award ($7,000.00) from his Section 406(b) award of $32,292.50. Thus, Plaintiff's attorney is entitled to receive $25,292.50 in Section 406(b) fees. The Court directs the Commissioner to issue Plaintiff's attorney a Section 406(b) check from the withheld benefits in the amount of $25,292.50, less any applicable administrative assessment as allowed by statute.

**IT IS SO ORDERED.**

DATED this 9th day of July, 2026.

HON. STACIE F. BECKERMAN
United States Magistrate Judge